IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| HERBERT BATTISE, III, <br><br> Plaintiff, <br><br> v. <br><br> U.S. BANK NATIONAL ASSOCIATION, <br><br> Defendant. | CIVIL ACTION NO.: 4:24-cv-49 |

**O R D E R**

This matter is before the Court on Defendant's Motion to Dismiss, (doc. 8), and Plaintiff's subsequently-filed Motion for Leave to File First Amended Complaint, (doc. 24). For the reasons set forth below, the Court **DENIES as moot** Defendant's Motion to Dismiss, (doc. 8), and **DENIES as moot** Plaintiff's Motion for Leave to File First Amended Complaint, (doc. 24).

On or about January 29, 2024, Plaintiff filed his initial complaint initiating this action against U.S. Bank National Association.[1] (Doc. 1-1.) In the original complaint, which was just over two pages in length, Plaintiff asserted claims challenging the validity of a home equity loan, sought, *inter alia*, the return of $19,534.82 in allegedly fraudulent charges, and sought damages of up to $15,413,812.62. (Id.) Defendant filed a Motion to Dismiss for failure to state a claim. (Doc. 8.)

---

[1] The initial complaint was filed in the Superior Court of Chatham County, Georgia, but the case was removed to this Court by Defendant. (See doc. 1.)

When Plaintiff, who is proceeding *pro se*, failed to respond to the Motion to Dismiss, the Court entered an Order directing him, within twenty-one days, to either file a response to the Motion to Dismiss or file an amended complaint curing any deficiencies noted in the Motion to Dismiss. (Doc. 18, p. 2 (citing Fed. R. Civ. P. 15(a)(1)(B)).)

Twenty-four days after the entry of the Order, Plaintiff filed his "Motion for Leave to File First Amended Complaint," which is a hybrid document in that the motion and the first amended complaint are both contained within the same document. (Doc. 24). This new iteration of the complaint is much lengthier than the original; it now contains more than fifteen pages of allegations and claims, including entirely new causes of action as well as new claims against an individual (Greg Stein) who was not implicated in the original complaint. (See generally id.)

Because the Court's Order preemptively provided Plaintiff leave to file an Amended Complaint, it was not necessary for Plaintiff to file the motion for leave if the amended complaint was filed within the deadline set by the Court. Here, although the Court's stated deadline was twenty-one days after the entry of the Order and Plaintiff's filing was not received and docketed until twenty-four days after the entry of the Order, the filing was timely in light of Plaintiff's *pro se* status.[2] Accordingly, the Court construes Plaintiff's Motion for Leave to File an Amended Complaint, which contained his desired amended pleading, as a timely-filed First Amended Complaint. As such, the Court **DENIES as moot** Plaintiff's Motion for Leave to File an Amended Complaint, (doc. 24), and **DIRECTS** the Clerk of Court to **AMEND** the docket and record of this

---

[2] In accordance with Federal Rule of Civil Procedure 6(d), three days are added to the deadline because the Clerk of Court served the *pro se* Plaintiff by United States mail. Therefore, the twenty-one-day deadline became a twenty-four day deadline.

case to reflect that the filing at Docket Number 24 is Plaintiff's First Amended Complaint, filed on February 21, 2024.

Under black letter federal law, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." Lowery v. Ala. Power. Co., 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted). This means that "the original pleading is abandoned by amendment and is no longer a part of the pleader's averments against his adversary." Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation omitted). An amended complaint thus "renders [the original] of no legal effect." Arce v. Walker, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (citation omitted); see also Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016) (initial filing "bec[o]mes a legal nullity"). To be sure, however, an original complaint would still have legal effect if "the amendment specifically refers to or adopts the earlier pleading." Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (citation omitted). An amended complaint that does not incorporate the prior pleading, therefore, moots "the motion to dismiss the original complaint because the motion seeks to dismiss a pleading that has been superseded." Wimberly v. Broome, No. 6:15-CV-23, 2016 WL 3264346, at *1 (S.D. Ga. Mar. 29, 2016) (collecting cases).

The Court has reviewed Plaintiff's First Amended Complaint, which specifically states that Plaintiff is amending his complaint "to clarify existing claims, add new claims,[3] and join additional parties who are necessary for the just adjudication of this matter." (See doc. 24, pp. 2–3.) As such, Plaintiff's First Amended Complaint is the sole operative pleading in this case and renders moot Defendant's Motion, which sought to dispose of claims asserted in the original complaint on the

---

[3] Whereas Plaintiff's initial (two-page) complaint did not explicitly list any specific counts against Defendant, the First Amended Complaint purports to assert some 2,258 counts.

3

ground that Plaintiff had failed to sufficiently state any claims upon which relief could be granted to him, (doc. 8).  Accordingly, the Court **DENIES as moot** Defendant's Motion to Dismiss.  (Id.)

**SO ORDERED**, this 12th day of March, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA