UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

HERBERT BATTISE, III,              )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )    CV424-049
                                   )
U.S. BANK NATIONAL                 )
ASSOCIATION,                       )
                                   )
    Defendants.                    )

# ORDER

*Pro se* plaintiff Herbert Battise, III filed a Complaint against U.S. Bank in the Superior Court of Chatham County, Georgia, alleging various claims arising from a contract for a home equity line of credit. *See* doc. 1-1 at 2-4. U.S. Bank removed the case to this Court. *See* doc. 1. Defendant moved to dismiss, doc. 8, and Plaintiff, after prompting by the District Judge, amended in response, *see* doc. 30. As discussed below, the character of Plaintiff's Amended Complaint must be addressed, as well as several pending motions.

A review of Battise's Amended Complaint, doc. 24, reveals that it is what is "often disparagingly referred to as [a] 'shotgun pleading[].'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th

Cir. 2015). The Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." *See id.* at 1321 & n.9 (collecting cases). The crux of the Court's admonishment of shotgun pleadings is that they fail to adhere to pleading requirements designed to ensure that a defending party is provided enough clarity to adequately respond. Specifically, Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 10(b) imposes the additional requirement that:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).

Shotgun pleadings typically present in four varieties:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a pleading that does not separate[e] into a different count each cause of action or claim for relief; and (4) a pleading that

asserts multiple claims against multiple defendants without specifying which defendant allegedly committed which claim. *Adams v. Huntsville Hosp.*, 819 Fed. App'x 836, 838 (11th Cir. 2020) (citing *Weiland*, 792 F.3d at 1321-23).

The Amended Complaint is a typical shotgun pleading. First, although Plaintiff has numbered the lines, as opposed to the paragraphs, of his proposed Amended Complaint, the line numbers are continuous with numbered lines comprising his Motion. *See* doc. 24 at 1-2. The Amended Complaint asserts various breaches of statutory duties, *see id.* at 3, and includes numerous conclusory allegations, *see, e.g., id.* at 4 ("U.S. Bank breached duty to disclose in a confidential relationship (OCGA § 23-3-58); breached duty of utmost good faith; breached duty of performance; breached duty of performance as written and breached duty of performance of account stated; breached fiduciary-duty; breached duty of standard of care; breached duty of ordinary care."), and subsequently enumerates "counts" that merely list state-law torts and crimes without any supporting facts at all, *see id.* at 5, 9-10, 13-15. It then purports to assert, collectively, thousands of "counts" for claims allegedly accruing each day during specified periods. *See id.* at 7, 16. Finally, in asserting claims under the Georgia criminal Racketeer Influenced and Corrupt

3

Organizations Act ("RICO") and federal banking law, "repeats and realleges the factual allegations contained the complaint [sic] as if fully set forth herein . . . ." *Id.* at 7, 10. Further complicating the allegations, the Amended Complaint incorporates approximately 70 pages of "exhibits." *See id.* at 18-89. The Amended Complaint, therefore, is clearly a shotgun pleading.

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland*, 792 F.3d at 1320). Before doing so, plaintiffs are entitled to a single opportunity to amend their pleading in order to better present their claims. *See id.* at 1296. Battise will have such an opportunity.

Since the Motion to Dismiss has been dismissed as moot, *see* doc. 30 at 1, the request to stay pending its disposition is also **DISMISSED** as moot. Doc. 21. However, a court has "broad discretion" in determining whether to grant a stay of discovery. *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017). The Eleventh Circuit has recognized that it is appropriate for the Court dispose of "[f]acial

4

challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief," before the parties engage in costly and potentially unnecessary discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). "[A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." *Id.* at 1368; *see also, e.g., Moore v. Potter*, 141 F. App'x 803, 808 (11th Cir. 2005). Given that the Amended Complaint is a shotgun pleading, proceeding to discovery on its insufficiently pleaded claims would be inappropriate. Accordingly, the Court **STAYS** discovery and Defendant's deadline to respond to the Amended Complaint, *see, e.g.,* Fed. R. Civ. P. 15(a)(3), in this case, pending Battise's compliance with the instructions below and Defendant's response. Since discovery will not proceed at this time, the Clerk is **DIRECTED** to **TERMINATE** the pending Rule 26(f) Report. Doc. 23.

Accordingly, Battise is **DIRECTED** to file a Second Amended Complaint by April 4, 2025. The Second Amended Complaint must comply with the requirements of Federal Rules of Civil Procedure 8–11,

which, *inter alia*, requires short and plain statements.[1] The pleading must specifically identify each claim asserted and the facts supporting each specific claim. The Second Amended Complaint will supersede all prior versions of the Complaint and should, therefore, be complete in itself. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 647 F. 2d 1365, 1370 n. 6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading."). The Clerk is **DIRECTED** to send Battise blank copies of Form Pro Se 1 (Complaint for a Civil Case) and Form Pro Se 4 (Complaint for a Civil Case Alleging Breach of Contract).[2] Battise is advised that failure to submit his amendment timely may result in dismissal for

---

[1] A copy of the Federal Rules of Civil Procedure is available on the federal judiciary website at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

[2] To the extent that Battise does not believe that either of the forms is appropriate for the claims he asserts, additional forms are provided by the Administrative Office of the United States Courts to assist *pro se* parties at https://www.uscourts.gov/forms-rules/forms/civil-forms. While Battise need not use any form at all, the information solicited by the forms may assist him in preparing his own pleading.

failure to obey a court order or failure to prosecute. *See, e.g.,* Fed. R. Civ. P. 41(b). Upon Battise's compliance with the above instructions, Defendants shall have the fourteen-day period provided by the Federal Rules to submit their responsive pleading. *See* Fed. R. Civ. P. 15(a)(3).

Finally, Defendant has notified the Court that its former attorney, Daniel P. Moore, has left his former firm. *See* doc. 19 at 1. Its current attorney from the same firm, Gwendolyn J. Godfrey, has entered her appearance. *Id.* at 2. Subsequently, Ms. Godfrey supplemented the Motion to provide the notice required by this Court's Local Rules. *See* doc. 26; S.D. Ga. L. Civ. R. 83.7. The Court is somewhat concerned with the lack of any explanation for the Motion's acknowledgement that "Mr. Moore did not file a motion to withdraw as counsel . . . before leaving," his former firm. Doc. 26 at 1. However, under the circumstances, the Court **GRANTS** the Motion, as amended. Docs. 19 & 26. The Clerk is **DIRECTED** to remove Mr. Moore as counsel in this case.

**SO ORDERED,** this 13th day of March, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA