IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| HERBERT BATTISE III, | |
| Plaintiff, | CIVIL ACTION NO.: 4:24-cv-49 |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, | |
| Defendant. | |

**O R D E R**

The Court **DENIES** Plaintiff's Motion for Leave to File First [sic] Amended Complaint and Motion to Amend or Add or Remove Parties. (Doc. 42.) The Court **GRANTS** Defendant U.S. Bank National Association's Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 33.) The Court **DENIES AS MOOT** Plaintiff's Motion for Summary Judgment, (doc. 35), and Defendant's Motion to Strike Plaintiff's Statement of Material Fact, (doc. 43).

**BACKGROUND**

Plaintiff, who is proceeding pro se, brought this lawsuit in state court on January 29, 2024, based on a contract for a home equity line of credit that Plaintiff entered with Defendant in September 2022. (Doc. 1-1.) After Defendant removed the case to this Court and moved to dismiss Plaintiff's Complaint, Plaintiff filed an Amended Complaint on February 21, 2025. (Doc. 24.) On March 31, 2025, the Court found that Plaintiff's Amended Complaint was a shotgun pleading and ordered Plaintiff to file a Second Amended Complaint. (Doc. 31.) Plaintiff filed his Second Amended Complaint on April 4, 2025, and asserted a litany of claims including violations of federal and state Racketeer Influenced and Corrupt Organizations Acts, Fair Credit Reporting

Act violations, Truth in Lending Act violations, breach of contract, breach of fiduciary duty, fraud, theft, and defamation. (Doc. 32.) None of these claims had been asserted in his original Complaint. (See doc. 1-1.)

## DISCUSSION

I. **Plaintiff's Proposed Third Amended Complaint is Futile**

Through his most recent Motion to Amend, Plaintiff seeks to file a fourth complaint. (Doc. 42.) Under Rule 15(a), a party may amend its complaint once as a matter of right within twenty-one days after service of a motion under Rules 12(b), (e), or (f). "The function of Rule 15(a), which provides generally for the amendment of pleadings, is to enable a party to assert matters that *were overlooked* or *were unknown* at the time he interposed the original complaint or answer." 6 Wright, Miller & Kane, Federal Practice and Procedure: Civil § 1473 (3d ed. 2018) (emphasis added); see also In re Engle Cases, 767 F.3d 1082, 1108 (11th Cir. 2014). Even when a party may not amend as a matter of right, it may amend with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(b). Rule 15(b) suggests that a court "freely give leave when justice so requires." Id. While leave to amend is generally freely given, it is by no means guaranteed. A court should not allow leave to amend "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." In re Engle Cases, 767 F.3d at 1108–09 (quoting Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)). The decision whether to grant a motion to amend is within the sound discretion of the trial court. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981).

Plaintiff provides no just reason why the Court should further delay this litigation by providing him yet another chance to amend his claims. His request to amend his claims nearly a year and a half after he filed this lawsuit would cause further undue delay and would reward his repeated failure to cure deficiencies by amendments previously allowed. Moreover, Plaintiff's proposed Third Amended Complaint suffers from the same deficiencies as his prior pleadings, as it is a shotgun pleading barred by the doctrine of res judicata. Thus, granting him leave to amend would be futile. The Court **DENIES** Plaintiff's Motion to Amend, (doc. 42), and his Second Amended Complaint filed on April 4, 2025, (doc. 32), remains the operative pleading.

## II. Plaintiff's Second Amended Complaint is Barred by Res Judicata

Defendant argues that Plaintiff's claims in this lawsuit are barred by res judicata because they "are the very same allegations and claims that Plaintiff either asserted or could have asserted in a prior lawsuit that he filed against [Defendant] that was dismissed: Herbert Battise v. U.S. Bank National Association, et al., Superior Court of the Eastern Judicial of Georgia, Circuit Case No. SPCV24-00522-FR (the 'Prior Action')." (Doc. 33.) "[T]he doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action." Starship Enters. of Atlanta, Inc. v. Coweta Cnty., Ga., 708 F.3d 1243, 1253 (11th Cir. 2013) (quoting James v. Intown Ventures, L.L.C., 725 S.E.2d 213, 215 (Ga. 2012)). "[R]es judicata applies not only to claims that were actually litigated, but to claims that could have been litigated in a prior action." Id. at 1255. "Three prerequisites must be met before res judicata will apply: (1) identity of the cause of action; (2) identity of the parties or their privies; and (3) previous adjudication on the merits by a court of competent jurisdiction." Id. at 1253–54.

The claims Plaintiff asserts here are in many ways identical to the claims he asserted in the Prior Action. Even where the claims differ, they arise out of the same nucleus of operative facts, and Plaintiff could have litigated the claims in the Prior Action. Additionally, Plaintiff and Defendant were both parties to the Prior Action.[1] Plaintiff only challenges the third res judicata prerequisite, specifically whether the state court litigation is a previous adjudication. (Doc. 34, p. 2.) He maintains that the state court decided the Prior Action after he filed this case. (Id.) This action was pending on the date the state court dismissed the Prior Action, October 8, 2024. But, Plaintiff did not file his Amended Complaint or his Second Amended Complaint until months later (on February 21, 2025, and April 4, 2025, respectively). Because the state court's judgment predated the filing of the operative pleading, which is comprised of claims that had not been asserted in the original Complaint, the state court litigation is a previous adjudication. See Starship, 708 F.3d at 1249–50 (noting in case where preclusive effect given to state court adjudication that federal case was pending at time of state adjudication but plaintiff amended complaint after state adjudication).

### III.   Plaintiff's Second Amended Complaint is a Shotgun Pleading

Defendant also moves to dismiss the Second Amended Complaint on the ground that it is an improper shotgun pleading. (Doc. 33, pp. 8–9.) The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10 also provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Furthermore, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Id.

---

[1] Plaintiff attempts to add his wife and children as plaintiffs in the Second Amended Complaint. As Defendant points out, he cannot do so. (Doc. 33, pp. 4–5, 6)

4

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015).

The Eleventh Circuit Court of Appeals has "repeatedly condemned shotgun pleadings, since '[p]leading claims in this fashion imposes a heavy burden on the trial court, for it must sift each count for the allegations that pertain to the cause of action purportedly stated and, in the process, disregard the allegations that only pertain to the incorporated counts.'" Embree v. Wyndham Worldwide Corp., 779 F. App'x 658, 662 (11th Cir. 2019) (quoting U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006)); Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1356 (11th Cir. 2018) ("This Court has filled many pages of the Federal Reporter condemning shotgun pleadings and explaining their vices."). As such, "[a] district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal quotations omitted).

The Eleventh Circuit has identified "four rough types" of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts;" (2) a complaint that contains "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) a complaint that fails to "separat[e] into a different count each cause of action or claim for relief;" and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland, 792 F.3d at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one

degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

The Second Amended Complaint fails to give Defendant notice to prepare an adequate defense and suffers from a bevy of shortcomings. For one, Plaintiff's "factual allegations" are a litany of legal conclusions with no factual support or explanation. (Doc. 32, p. 4.) Each of Plaintiff's counts only includes conclusory, vague, and often immaterial allegations that have no bearing on the stated claim for relief. (Id. at pp. 5–12.) "A complaint that requires the reader to speculate as to which factual allegations pertain to which count . . . has been found time and again to be a shotgun pleading in the Eleventh Circuit." Roether v. Georgia, No. 2:21-CV-083, 2022 WL 3908838, at *3 (S.D. Ga. Aug. 30, 2022) (internal quotations omitted), aff'd, No. 22-13731, 2024 WL 358121 (11th Cir. Jan. 31, 2024). "Such omissions are critical because . . . Defendant is left without adequate notice as to the factual bases of the claims against it." Wright v. Burrows, No. 22-21090-CIV, 2023 WL 2968181, at *2 (S.D. Fla. Apr. 17, 2023), aff'd sub nom. Wright v. Chair of Equal Emp. Opportunity Comm'n, No. 23-11646, 2024 WL 1073010 (11th Cir. Mar. 12, 2024). The Court and Defendant should not have to sift through Plaintiff's Second Amended Complaint to assess what factual allegations might support any of the litany of legal claims he lists. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (characterizing complaint as "an all-too-typical shotgun pleading" where the reader "must speculate as to which factual allegations pertain to which count").

Worse yet, while Plaintiff separates his claims into thirteen counts, he combines several legal authorities and claims for relief within each count. Plaintiff groups together a laundry list of unrelated laws that have no bearing on the stated legal claim. For instance, under Plaintiff's first claim for breach of contract, he lists laws prohibiting discrimination based on race and gender.

6

(Doc. 32, p. 5.) A complaint in which "one cannot discern, with respect to a given claim for relief, the substantive rule giving rise to the claim" is a shotgun pleading. <u>Bickerstaff Clay Prods. Co. v. Harris Cnty. ex rel. Bd. of Comm'rs</u>, 89 F.3d 1481, 1484 n.4 (11th Cir. 1996). Having reviewed Plaintiff's Second Amended Complaint several times, the Court cannot decipher what claims he asserts against Defendant, much less the supposed legal and factual bases for those claims.

## CONCLUSION

The Court has given Plaintiff several opportunities to do what pro se parties accomplish every day before this Court: file a complaint that includes a short and plain statement of his claims. He has failed to do so. To the extent the Court can discern Plaintiff's claims, they are barred by the doctrine of res judicata. The Court **DENIES** Plaintiff's Motion for Leave to File First [sic] Amended Complaint and Motion to Amend or Add or Remove Parties. (Doc. 42.) The Court **GRANTS** Defendant U.S. Bank National Association's Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 33.) The Court **DENIES AS MOOT** Plaintiff's Motion for Summary Judgment, (doc. 35), and Defendant's Motion to Strike Plaintiff's Statement of Material Fact, (doc. 43). The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 9th day of July, 2025.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA